Fred J. Munder, J.
The plaintiff originally commenced an action for separation, and the defendant interposed an answer including a counterclaim for an annulment of the marriage on the ground of fraud within the provisions of section 1139 of the *429 Civil Practice Act. It was determined to try the issue of annulment and to hold the issue of separation in abeyance because it would be academic if the annulment were granted.
The proof before the court is in substance that the couple were married on May 16, 1954; that subsequently two children were born of the marriage, now aged three and two years; and that in September of 1958 the defendant learned for the first time from an outside source that her husband had been party to a prior marriage which was terminated by absolute decree of divorce granted in the District Court of Iowa, Pottawattamie County, on March 21, 1951, and that he was supporting two children of that marriage.
Defendant said that she entered into the nuptial state in the firm belief, based on his representation, that he, plaintiff, had never been married before, and that had she been informed of his prior marriage she would not have married him. As corroboration she submitted a verified transcript from the register of marriages of the Town of Brookhaven in which it is noted after “ Number of Husband’s Marriages ’’that this was the husband’s “ First ”. There is no evidence that the parties cohabited at any time since the defendant first discovered the facts constituting the alleged fraud.
The plaintiff, although present and testifying on the trial, does not in any manner attempt to deny that he was guilty of the fraud as charged.
Reluctant though I may be to dissolve a marriage of some four years’ duration of which two children have been born, I have nothing before me which in any way contradicts this young woman’s claim of reliance on the plaintiff’s fraudulent representation of an essential element to her consent to marry him. (Di Lorenzo v. Di Lorenzo, 174 N. Y. 467.) In these circumstances I should not speculate that she would have married plaintiff even if she knew of his prior marital experience. On the proof as it stands she is entitled to have her marriage annulled as she prays in her counterclaim.
The children, of course, are the legitimate children of these parties and defendant shall have their custody. Plaintiff will be required to provide for their support at the rate of $20 per week.
This shall constitute the decision of the court in accordance with section 440 of the Civil Practice Act.
Let judgment be entered accordingly.